UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:	Case No. 11-43494-NCD
	Chapter 13
Lou Ann Schmitz,

    Debtor.

**NOTICE OF HEARING AND MOTION FOR AN ORDER:<u>(1)</u> GRANTING RELIEF FROM STAY AGAINST DEBTOR UNDER 11 U.S.C. § 362(d), AND CO-DEBTOR BRIAN J. SCHMITZ UNDER 11 U.S.C. § 1301(c); <u>(2)</u> CONFIRMING THAT STAY WILL TERMINATE 30 DAYS AFTER THE PETITION DATE UNDER 11 U.S.C.§ 362(c)(3); AND <u>(3)</u> FINDING THAT FILING THE PETITION WAS PART OF A SCHEME TO DELAY, HINDER OR DEFRAUD CREDITORS WITH RESPECT TO MULTIPLE BANKRUPTCY FILINGS AFFECTING REAL PROPERTY UNDER 11 U.S.C.§ 362(d)(4)(B).**

TO: Debtor and Attorney for Debtor; Chapter 13 Trustee; U.S. Trustee; Co-Debtor Brian J. Schmitz, and other parties in interest.

M & I Marshall & Ilsley Bank ("Movant"), a secured creditor of Debtor and Co-Debtor, by its undersigned attorney, moves the Court for the relief requested below, and gives notice of hearing herewith.

1. The Court will hold a hearing on this motion at 2:30 p.m. on June 23, 2011 before the Honorable Nancy C. Dreher in Courtroom No. 7 West, 300 South Fourth Street, Minneapolis, Minnesota or as soon thereafter as counsel can be heard.

2. Any response to this motion must be filed and served not later than June 17, 2011, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A WRITTEN RESPONSE IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

1

3. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed.R.Bankr.P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on May 18, 2011. The case is now pending in this Court.

4. This motion arises under 11 U.S.C. § 362 and Fed.R.Bankr.P. 4001. This motion is filed under Fed.R.Bankr.P. 9014, and Local Rules 9013-1 and 9013-2. Movant requests relief from the automatic stay with respect to certain real property owned by Debtor and Co-Debtor to proceed and to foreclose its mortgage against such real property.

5. On December 10, 2003, Debtor and Co-Debtor executed a Promissory Note with Movant in the original principal amount of $43,650.00 in favor of the Movant evidencing the indebtedness created by the Mortgage. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Promissory Note executed by the Debtors.

6. To secure the indebtedness evidence by the Note, Debtor and Co-Debtor granted a mortgage dated December 10, 2003, in the original principal amount of $43,650.00 (the "Mortgage") to Movant to encumber the following real property (the "Real Property"):

Lot One (1), Block Twenty-eight, (28) in the Village of Lone Rock, less Ten (10) feet off the West side, Richland County, Wisconsin.

Property Address:    110 East Union Street, Village of Lone Rock, Wisconsin 53556.

7. The Mortgage was recorded as Document No.261165 in the office of the Register of Deeds in and for Richland County, Wisconsin, on December 16, 2002. A copy of the Mortgage is attached hereto as <u>Exhibit B</u>.

8. Debtor and Co-Debtor defaulted on the payment terms of the Note and Mortgage by failing to make principal or interest payments as scheduled. While Movant has received sporadic payments as part of stipulations through prior bankruptcies as described below, the

account is paid only through June 2009, with the most recent payment received on February 22, 2011.

9. The Mortgage created and constituted a first priority mortgage lien upon the Real Property. Movant is the owner of the indebtedness created by the Loan and evidenced by the Note, the holder of the Note, and the owner of the Mortgage, and is entitled to payment of all the money due thereunder, performance of all the Debtor and Co-Debtor's obligations thereunder, and all rights, titles, and interests created or evidenced thereby.

10. As of the filing date of this Motion, there is due and owing to the plaintiff under the Note, and the Mortgage the principal sum of $31,504.55; interest in the amount of $1988.72; and late fees in the amount of $201.91. Presently, interest will continue to accrue on the principal and advances made to date at the rate of $2.63 per day. Additional fees are owed under the loan including: (1) escrow shortage - $3,077.30; (2) legal fees - $9,309.43; (3) Brokers' Price Opinion fees - $200.00; and (4) property inspection fees - $445.00. The Movant holds $264.11 in a suspense account.

11. This is the Debtor's third bankruptcy filed since 2009. The Co-Debtor has also filed three bankruptcies since 2009.

12. On February 17, 2009, Debtor and Co-Debtor jointly filed a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Wisconsin, Case No. 09-10809 (the "First Bankruptcy Case"). Movant filed a motion for relief from stay on March 23, 2009. The case converted to a Chapter 11 on March 31, 2009. The parties reached a stipulation as to adequate protection and use of cash collateral with respect to the lift stay motion. Nonetheless, Debtor and Co-Debtor failed to file certain documents as required by the Bankruptcy Code and the U.S. Trustee moved to dismiss, which motion the court granted on June 17, 2009. A copy of

the docket for the First Bankruptcy Case, the U.S. Trustee's motion to dismiss, and the court's dismissal order is attached as Exhibit C.

13. On June 26, 2009, Movant filed a Summons and Complaint for judicial foreclosure of its mortgage against the Real Property. Movant scheduled a dispositive motion for September 28, 2009, which was cancelled due to Debtor and Co-Debtor's bankruptcy filing, as described below.

14. On August 8, 2009, Debtor and Co-Debtor jointly filed a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Wisconsin, Case No. 09-15320 (the "Second Bankruptcy Case"). Debtor and Co-Debtor converted the Second Bankruptcy Case to a Chapter 11 proceeding on November 19, 2009. Movant filed a Motion to Confirm Termination or Absence of the Automatic Stay on November 30, 2009, which the Court granted on December 7, 2009. The parties subsequently agreed to a Stipulation Agreement, whereby the Debtor and Co-Debtor would make monthly payments in exchange for Movant's forbearance in proceeding with the foreclosure. Debtor and Co-Debtor made initial payments but then ceased. The Second Bankruptcy Case converted to a Chapter 13 case on August 30, 2010 and was dismissed on motion by the U.S. Trustee due to Debtor and Co-Debtor's failure to file required documents for the Chapter 13 case on October 18, 2010. The Debtor and Co-Debtor agreed to the dismissal. A copy of the docket for the Second Bankruptcy Case, the motion to dismiss, situation, and dismissal order is attached as Exhibit D.

15. After Debtor and Co-Debtor failed to comply with the Stipulation arranged in the Second Bankruptcy Case, Movant resumed the foreclosure proceeding commenced in 2009. The state court entered judgment for foreclosure in favor of Movant on October 5, 2010, and Movant scheduled a sale date of January 28, 2011. The sale occurred as scheduled and a third-party

purchased the property who then sold it back to the Debtor and Co-Debtor. Movant scheduled a hearing to confirm the sale for March 14, 2011. Such hearing was cancelled due to the Co-Debtor's bankruptcy filing, as described below.

16. On March 14, 2011, Co-Debtor filed a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Wisconsin, Case No. 11-11474 (the "Third Bankruptcy Case") and filed a Motion to Extend the Automatic Stay with respect to the foreclosures proceedings pending against the Real Property. Movant opposed the Motion to Extend, and the court denied the motion. Co-Debtor appealed the court's ruling. On April 15, 2011, Movant filed a Co-Debtor Motion for Relief from the Automatic Stay against the Debtor (Lou Ann Schmitz). In response, the Co-Debtor (Brian Schmitz) filed a Motion to Dismiss the case, which the court granted on May 10, 2011. A copy of the docket for the Third Bankruptcy Case, the motion to dismiss, and the dismissal order is attached as <u>Exhibit E</u>.

17. Upon dismissal of the Third Bankruptcy Case, Movant resumed the foreclosure proceedings and scheduled a new hearing to confirm the sale for June 13, 2011.

18. On May 18, 2011, Debtor had filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Minnesota, Case No. 11-43494 (the "Fourth Bankruptcy Case").

19. Movant does not have adequate protection of its interest in the Property, which constitutes cause, within the meaning of 11 U.S.C. § 362(d) (1), entitling Movant to relief from the automatic stay. Moreover, with respect continuation of the stay to Co-Debtor, Movant's interest will be irreparably harmed by continuation of the co-debtor stay.

20. Because the Debtor had a bankruptcy case pending within one year preceding this Case, the stay will terminate 30 days after the Petition Date, and the Court should confirm that the stay will terminate with respect to the Debtor as such.

21. Each time Movant has advanced its state law foreclosure action, Debtor and Co-Debtor have filed a bankruptcy to stop the process. The multiple bankruptcy filings have been part of a scheme to delay, hinder and defraud Movant in its efforts to foreclose its mortgage against the Real Property. Movant is therefore entitled to order under 11 U.S.C. § 362(d)(4) that it can record under state and local law, which will prevent any stay from arising with respect to the Real Property for the next two years.

22. In addition, Movant requests that the stay imposed by Rule 4001(a) (3) of the Federal Rules of Bankruptcy Procedure be held not applicable so that Movant may immediately enforce and implement this Order granting relief from the automatic stay.

23. If testimony is necessary as to any facts relevant to this motion Margaret Fank will testify on behalf of Movant.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WHEREFORE, Movant, respectfully moves the Court for an order modifying the automatic stay of 11 U.S.C. §§ 362 and 1301 so as to permit Movant to continue to foreclose the Mortgage on the Property, and for such other relief as may be just and equitable.

Dated: June 3, 2011

                                          MACKALL, CROUNSE & MOORE, PLC

                                          By: /e/ Mychal A. Bruggeman
                                          Mychal A. Bruggeman (Atty No 0345489)
                                          Attorneys for Movant
                                          1400 AT&T Tower
                                          901 Marquette Ave
                                          Minneapolis, MN 55402
                                          Ph. (612) 305-1400

In re:   Lou Ann Schmitz
         Case No. 11-43494-NCD

## VERIFICATION

I, _Margaret Fank_, Bankruptcy Team Lead of M & I Marshall & Ilsley Bank, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

*Margaret Fank*

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Case No. 11-43494-NCD
                                                          Chapter 13
Lou Ann Schmitz,

   Debtor.

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER:(1) GRANTING RELIEF FROM STAY AGAINST DEBTOR UNDER 11 U.S.C. § 362(d), AND CO-DEBTOR BRIAN J. SCHMITZ UNDER 11 U.S.C. § 1301(c); (2) CONFIRMING THAT STAY WILL TERMINATE 30 DAYS AFTER THE PETITION DATE UNDER 11 U.S.C.§ 362(c)(3); AND (3) FINDING THAT FILING THE PETITION WAS PART OF A SCHEME TO DELAY, HINDER OR DEFRAUD CREDITORS WITH RESPECT TO MULTIPLE BANKRUPTCY FILINGS AFFECTING REAL PROPERTY UNDER 11 U.S.C.§ 362(d)(4)(B).**

M & I Marshall & Ilsley Bank ("Movant"), submits this memorandum of law in support of its motion for relief from the stay in the above-entitled matter.

### FACTS

The facts as set forth in the Motion for Relief from Stay are incorporated herein by reference.

### ARGUMENT

**1. As to the Debtor, The Stay Should be Lifted for Cause.**

Pursuant to Section 362(d)(1) of the Bankruptcy Code (11 U.S.C.), relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]." The Bankruptcy Code states that adequate protection may be provided by: (1) requiring cash payments from the trustee to the entity seeking relief; (2) providing the entity seeking relief a replacement lien; or (3) granting the entity seeking relief the indubitable equivalent of their interest. 11 U.S.C. § 361.

1

The Court should lift the stay to permit Movant to complete foreclosure of its mortgage on Debtor's Property. Debtor is delinquent in paying interest as it accrues under the Note and Mortgage for the month of June 2009 through the present time. Because the validity of the mortgage has not been challenged, the default by the Debtor has not been disputed, and the trustee has not opposed lifting the automatic stay, the default alone entitles Movant to relief from the automatic stay. *See In re Elicker*, 100 B.R. 180, 183 (Bkrtcy.M.D.Pa. 1989). There has been no attempt by Debtor to otherwise provide Movant with adequate protection of its interest in the property. Such circumstances constitute cause, within the meaning of Section 362(d)(1), justifying relief from the stay.

> 2. **As to the Debtor, the Court should confirm that the Stay Terminates Thirty (30) Days after the Petition Date.**

Because the Debtor had another bankruptcy pending in the year preceding this Case, the automatic stay terminates automatically thirty days after the Debtor filed this Case. Section 362(c)(3) of the Bankruptcy Code provides:

> If a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) – (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

Debtor and Co-Debtor had an action pending within a year of the filing of this Case in the United States Bankruptcy Court for the Western District of Wisconsin as case no. 09-15320. This Case was filed on August 8, 2009 and dismissed on October 18, 2010, but was pending within the year prior to the filing of this Case on May 18, 2011. As a result, the stay terminates

2

with respect to the Debtor on the 30th day after filing of this Case, which shall occur on June 17, 2011.

### 3. As to the Co-Debtor, the Court should lift the Stay imposed by 11 U.S.C. § 1301.

The court should terminate the co-debtor stay imposed by 11 U.S.C. § 1301(a), which provides that a creditor may not continue a civil action to collect any part or all of a "consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt." Section 1301(c) provides grounds to lift the co-debtor stay, including under Section (3), that such "creditor's interest would be irreparably harmed by continuation of such stay." The legislative history indicates that irreparable harm includes where the co-debtor itself has recently filed bankruptcy or is financially deteriorating. H.R. REP. No. 595, 95th Cong., 1st Sess. 121-123 (1977), *reprinted in* COLLIER ON BANKRUPTCY, 15 ED., App. Pt. 4(d)(i), pp. 1213-1215 (2011).

In this case, Co-Debtor has filed no less than three bankruptcies since 2009, and was unable to make any significant progress in payment of the debt. In the meantime, the Movant has been working through state court foreclosure proceedings with respect to the Real Property owned by Debtor and Co-Debtor. The Real Property was sold in the foreclosure and the Movant is only waiting upon confirmation of that sale by a Wisconsin state court. To further delay these matters continues to create uncertainty regarding the status of the Real Property.

Section 1301(c)(2) also permits relief from stay if the "plan filed by the debtor proposed not to pay such claim," which means that the plan must propose to pay the claim in full. *See* COLLIER ON BANKRUPTCY, 15 ED., Vol. 8, ¶ 1301.03[2][b] (2011). In this case, the Debtor has not yet proposed a Chapter 13 plan, but in the event she does prior to the hearing date on this

3

motion, Movant reserves its right to argue that the co-debtor stay should be lifted under Section 1301(c)(2).

### 4. The Court should find that the Debtor and Co-Debtor's Multiple Bankruptcy Filings are a Scheme to delay, hinder, and defraud Movant.

Debtor and Co-Debtor have collectively filed four bankruptcies since 2009, all in an effort to prevent Movant from completing a foreclosure on the Real Property. Movant has made substantial progress in completing the foreclosure, and the remaining task to complete is confirmation of the foreclosure sale. Movant originally scheduled the confirmation hearing for March 14, 2011, which it had to cancel when Co-Debtor filed his most recent bankruptcy in the Western District of Wisconsin. After dismissal of that case, Movant scheduled the confirmation hearing for June 13, 2011, which again had to be cancelled due to the filing in this case. The Debtor and Co-Debtor have sought at every turn to delay Movant from completing the foreclosure sale against the Real Property.

Section 362(d)(4) of the Bankruptcy Code provides that where the court finds that "the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved…multiple bankruptcy filings affecting such real property," that any such order including that finding can be recorded under "State laws governing notices of interests of liens in real property," and that such order "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court." Thus, by finding that the Debtor's bankruptcy filing was part of a scheme to hinder, delay or defraud Movant in its efforts to foreclose the Real Property, this court can bar the stay from attaching in any subsequent bankruptcy filing by the Debtor or the Co-Debtor.

The history between the Movant, and the Debtor and Co-Debtor is sufficient for the court to find that the petition filed in this Case was filed as part of a scheme to hinder, delay or defraud Movant's efforts to foreclose the Real Property through multiple bankruptcy filings affecting the Real Property.

## **CONCLUSION**

Accordingly, Movant is entitled to an order terminating the stay (or confirming termination of the stay) and authorizing it to complete its foreclosure of its mortgage on the Real Property. The stay should be terminated for both the Debtor and Co-Debtor. Finally, the court should find in its order that the petition filed in this Case was filed as part of a scheme to hinder, delay or defraud Movant's efforts to foreclose the Real Property through multiple bankruptcy filings affecting the Real Property.

In addition, Movant requests that the stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be held not applicable so that Movant may immediately enforce and implement this Order granting relief from the automatic stay.

Dated: June 3, 2011

MACKALL, CROUNSE & MOORE, PLC

By: /e/ Mychal A. Bruggeman
Mychal A. Bruggeman ((Atty No 0345489)
Attorneys for Movant
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
Ph. (612) 305-1400

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                            Case No. 11-43494-NCD
                                                  Chapter 13
Lou Ann Schmitz,

      Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

Jinah E. Finnes, by Mackall, Crounse & Moore, attorneys licensed to practice law in this court, with an office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below she caused the following documents:

**Notice of Hearing and Motion For an Order:(1) Granting Relief From Stay Against Debtor Under 11 U.S.C. § 362(D), And Co-Debtor Brian Schmitz Under 11 U.S.C. § 1301(C); (2) Confirming That Stay Will Terminate In 30 Days After The Petition Date Under 11 U.S.C.§ 362(C)(3); and (3) Finding That Filing the Petition Was Part of a Scheme to Delay, Hinder or Defraud Creditors With Respect to Multiple Bankruptcy Filings Affecting Real Property Under 11 U.S.C.§ 362(D)(4)(B); Memorandum of Law; and Proposed Order**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Jasmine Z Keller    cmecfjzkmn@ch13mn.com, backup_cmecf@ch13mn.com
- Wendy Alison Nora    accesslegalservices.bky@gmail.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| Lou Ann Schmitz (Debtor)<br>14501 Atrium Way, Apt 210<br>Minnetonka, MN 55345 | (Attorney For Debtor and Co-Debtor)<br>Wendy Alison Nora<br>Access Legal Services<br>4575 W 80th Street Circle, Ste 141<br>Minneapolis, MN 55437 |

Brian J. Schmitz (Co-Debtor)
14501 Atrium Way, Apt 210
Minnetonka, MN 55345
And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: June 3, 2011                              Signed: /e/ Jinah E. Finnes
1394755.1-MAB

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Case No. 11-43494
 Chapter 13
Lou Ann Schmitz

 **ORDER GRANTING**
Debtor. **MOTION FOR RELIEF FROM STAY**

The above-entitled matter came before the Court at the motion of M & I Marshall & Ilsley Bank, ("Movant"), seeking relief from the automatic stay of 11 U.S.C. §§ 362 and 1301 of the Bankruptcy Code against Debtor Lou Ann Schmitz and Co-Debtor Brian Schmitz. Appearances were noted in the Court's record. Based upon the proceedings had on said date, the statements of counsel, and all of the files and records herein, the Court now finds that cause exists entitling Movant to the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that the automatic stays under 11 U.S.C. §§ 362 and 1301 are immediately terminated, as to Movant.

IT IS FURTHER ORDERED, that Movant is authorized to complete foreclosure of its mortgage under Wisconsin State law on the following property:

Lot One (1), Block Twenty-eight, (28) in the Village of Lone Rock, less Ten (10) feet off the West side, Richland County, Wisconsin.

Property Address:   110 East Union Street, Village of Lone Rock, Wisconsin 53556.

(the "Real Property")

THE COURT FURTHER FINDS that the filing of the petition in this Case was part of a scheme to delay, hinder, and defraud Movant, who has an interest in the Real Property, from foreclosing its mortgage through the use of multiple bankruptcy filings affecting the Real Property. This Order shall therefore be recorded in the appropriate state or county office

1

governing notices of interests or liens in the Real Property, and this Order, and the relief from stay provided herein, shall be binding in any other case filed under the Bankruptcy Code purporting to affect such Real Property filed not later than 2 years after the date of the entry of this Order.

In addition, notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this order is effective immediately.

Dated:_____

_____
Nancy C. Dreher
United States Bankruptcy Judge