UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

_____

In Re the Bankruptcy of                                             Case No. 11-43494
      LOU ANN  SCHMITZ,
      Debtor

_____

OBJECTION TO APPLICATION FOR PRO HAC VICE ADMISSION
(CONFLICT OF INTEREST BY LOCAL COUNSEL)
AND UNCONTROVERTED EXHIBITS #1 AND #2

_____

NOW COMES the Debtor, by her attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES and respectfully objects to the motion of Attorney Mychal A. Bruggeman, counsel for M&I Bank in these proceedings, to be local counsel for Attorney Kenneth J. Doran, pro hac vice, for purposes of representing Richland County, Wisconsin.  In support of this motion, the Debtor shows the Court:

1.  M&I Bank holds the first mortgage on the Debtor's business real estate known as Keg & Kettle, located at 104 S. Oak Street, in Lone Rock, Wisconsin 53556, which she is seeking to surrender in these proceedings.

2.  The Richland County Revolving Loan Fund (Richland County, Wisconsin) provided a community development business loan to Keg & Kettle, theoretically secured by a second mortgage.

3.  The second mortgage is unsecured due to the claim of M&I Bank.

4.  There is a facial conflict of interest in Attorney Bruggeman, who represents the first mortgage lender,  acting as local counsel for the second mortgage lender.

5.  The dual representation of Attorney Bruggeman is not supported by an Affidavit disclosing this conflict of interest to the Court nor, upon information and belief, has any written waiver of conflict of interest been signed by a corporate officer of M&I Bank and the conflict of interest is not waivable.

6.  Although Local Rule 83.5(d) does not require that a pro hac vice motion be subject to judicial review, it is clear from Local Rule 83.5(a) implies court supervision of pro hac vice admissions.

7.  The concern here is that the local counsel chosen by Richland County, Wisconsin represents M&I Bank in these proceedings.  Additionally, M&I Bank holds a first mortgage on rental real estate owned by the Debtor and M&I Bank has been charged with litigating for the sole purpose of increasing Debtor's attorney's fees.

8.  The proposed arrangement of having M&I Bank's attorney act as local counsel for a creditor holding a second mortgage on M&I Bank's collateral is a clear conflict of interest.  (See Exhibits #1 and #2.)

9.  The local counsel arrangement of having M&I Bank's attorney act as local counsel creates a high probability of confusion in the charging of fees against Debtor's first mortgage, which is a case in controversy before this Court. (See Exhibit #1)

1

10. Attorney Bruggeman is not the only attorney admitted to practice before this Court who could act as local counsel for Attorney Doran.

11. The clerically-ordered dual representation by Attorney Bruggeman of both M&I Bank and Richland County, Wisconsin is unethical under Rule 1.7 of the Minnesota Rules of Professional Conduct (MPRC) and must not be allowed. (See Exhibit #2.)

MPRC 1.7 provides:

RULE 1.7:  CONFLICT OF INTEREST: CURRENT CLIENTS
(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; (Emphasis added) or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer. (Emphasis added.)
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; (Emphasis added) and
(4) each affected client gives informed consent, confirmed in writing. (Emphasis added)

12. Furthermore, Rule 8.4(a) specifically prohibits the conduct sought to be engaged in by Attorney Bruggeman as not only does his dual representation of M&I Bank violate MPRC 1.7, but is assists Attorney Doran in violating the Minnesota Rules of Professional Conduct.

MPRC 8.4(a) provides:
It is professsional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, (Emphasis added) or do so through the acts of another . . .

13. Additionally, Attorney Doran is also bound by the Wisconsin Code of Professional Responsibility and has induced Attorney Bruggeman to engage in prohibited dual representation by selecting, as local counsel, and attorney who represents interests directly adverse to his client,  contrary to  SCR 1.7 and  8.4(a) and (f) of Wisconsin Code of Professional Conduct provide:

SCR 1.7 Conflict of Interest: Current Clients
(a) Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; (Emphasis added) or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under par. (a), a lawyer may

2

represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in a writing signed by the client.

SCR 8.4(a) and (f)  provide:

Rule 8.4 Misconduct
It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (Emphasis added). . .
(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; (Emphasis added.)

14.  By subjecting his client, Richland County, Wisconsin to the dual representation of M&I Bank's attorney, and inducing Attorney Bruggeman to violate the Minnesota Rules of Professional Conduct, Attorney Doran is violating SCR 8.4.

15.  The Debtor questions the authority of the Clerk of Bankruptcy Court for the District of Minnesota to enter the Pro Hac Vice Order in this case without Court review, when the  face of the Pro Hac Vice Application Order as served clearly states that the movant represents the interested party, M&I Bank.  (See Attachment #2 to this Objection.)

16.  The Court must review and reverse the clerical action of the entry of the Pro Hac Vice Order in this case because the Order Admitting Attorney Doran violates both the Minnesota and Wisconsin Rules of Professional Conduct and provide such other relief as is requested below.

17.  Debtor's attorney cannot proceed to represent Debtor with the conflict of interest on the record because to do so would cause her to violate MPRC 1.7 and 8.4(a) as well as SCR 8.4(a) and (f) by allowing the violation of the ethics rules of both the Supreme Court of Minnesota and the Supreme Court of Wisconsin to proceed unabated in this case.

18.   MPRC 1.16(a)(1) and SCR 1.16(a)(1) both contain the identical language and  provide:

Rule 1.16 Declining or Terminating Representation
(a) Except as stated in par. (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
(1) the representation will result in violation of the Rules of Professional Conduct or other law;

WHEREFORE, the Debtor objects to the Application of Attorney Mychal A. Bruggeman, attorney for M&I Bank, the first mortgage lender, to admit Attorney Kenneth J. Doran, attorney for Richland County, Wisconsin, and to assist in the preparation and presentation of the case for the second mortgage lender in these proceedings and requests that any pleadings, documents or appearances to be

3

filed or made in this case by M&I Bank's lawyer as local counsel for the attorney for Richland County, Wisconsin (the second mortage lender to M&I Bank's first mortgage interest) be pre-emptively banned and stricken.

In the alternative, counsel for the Debtor will be compelled to withdraw from participation in these tainted proceedings which would require Debtor's counsel to participate in violations of the Rules of Professional Conduct of both the Supreme Court of Wisconsin and the Supreme Court of Minnesota, which are jurisdictions in which Debtor's counsel in admitted practice.

Dated this 16th  day of June, 2011.

*/s/ Wendy Alison Nora*
_____
Attorney Wendy Alison Nora
ACCESS LEGAL SERVICES
4575 W. 80th Street Circle, #141
Minneapolis, Minnesota 55437
(952) 405-8632
FAX (952) 405-8691
accesslegalservices@gmail.com
MN BAR #165906
WI BAR#1017043